IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01544-BNB

LYNN EUGENE SCOTT,

Applicant,

v.

KEVIN MILYARD, Warden, S.C.F.,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 4 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, Lynn Eugene Scott, was a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, correctional facility, when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that his parole was rescinded improperly. He seeks his immediate release from custody.

On September 4, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. On September 22, 2008, Respondents filed their preliminary response. Mr. Scott has failed to file a reply, despite being given the opportunity to do so

Mr. Scott contends that he was scheduled for release on parole on May 12, 2008. He alleges that pursuant to a rescission hearing on March 11, 2008, the order granting him parole was rescinded for ninety days due to his receiving a disciplinary

conviction under the Code of Penal Discipline. He argues that the period of rescission then was changed to one hundred fifty days on the hearing worksheet without his knowledge. Therefore, he maintains he is entitled to immediate release from custody.

In their preliminary response, Respondents assert that Mr. Scott was paroled to the Denver West Metro Region on or about August 5, 2008. *See also* inmate locator on the DOC website, www.doc.state.co.us/index.html. Respondents argue that because Mr. Scott has been released on parole, his habeas corpus application is moot.

Although the issue of mootness if outside the scope of the September 4, 2008, order, mootness is an issue of subject matter jurisdiction, which may be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). A case will be dismissed on the grounds of mootness unless an actual controversy exists at all stages of the proceedings, "not merely at the time the [pleading] is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Mootness presents a question of subject matter jurisdiction because federal courts lack subject matter jurisdiction under Article III if there is no live case or controversy. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66-67 (1997). Because Mr. Scott has been released on parole, there no longer is a case or controversy for the Court to determine. Therefore, the action will be dismissed as moot and for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice as moot and for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 23 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01544-BNB

Lynn E. Scott
Prisoner No. 60760
Denver County Jail
Building 8-F-15
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/24/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk