IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01544-ZLW

LYNN EUGENE SCOTT,

Applicant,

v.

KEVIN MILYARD, Warden, S.C.F.,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 17 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Lynn Eugene Scott, filed *pro se* on November 6, 2008, a motion titled "Motion for Reconsideration." Mr. Scott asks the Court to reconsider and vacate the Court's Order of Dismissal and Judgment filed in this action on October 24, 2008.

The Court must construe the motion to reconsider liberally because Mr. Scott is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The judgment in this action was entered on October 24, 2008. Mr. Scott filed the motion to reconsider within ten days after the judgment was entered.

*See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

On October 24, 2008, the Court denied the habeas corpus application and dismissed the instant action as moot and for lack of subject matter jurisdiction. The Court based the dismissal upon the preliminary response Respondent filed on September 22, 2008, in response to the September 4, 2008, order for a preliminary response. The preliminary response was mailed to Mr. Scott at his last known address. The September 4 order allowed Mr. Scott until October 13, 2008, twenty days from September 22, 2008, in which to file a reply, if he so desired. He did not submit a reply by October 13. Nor did he submit a notice of change of address by October 13, which under D.C.COLO.LCivR 10.1M. he is required to submit within ten days after any change of address.

On October 14, 2008, after expiration of the twenty-day period to file a reply, Mr. Scott submitted a notice of change of address, filed on October 15, 2008, indicating that he was incarcerated at the Denver County Jail, the address where the dismissal order and judgment were mailed. It is not clear from the notice of change of address whether Mr. Scott also informed Respondent of his address change because the notice lacks a certificate of mailing. *See* Rule 5(d)(1) of the Federal Rules of Civil Procedure and with D.C.COLO.LCivR5.1F.

Although Mr. Scott complains that he did not receive a copy of the September 22, 2008, preliminary response, he does not dispute Respondents' allegation that he

was released from the custody of the Colorado Department of Corrections on August 5, 2008. Rather, he simply wants the opportunity to respond to the preliminary response, an opportunity he apparently missed by failing to file a timely notice of change of address in compliance with D.C.COLO.LCivR 10.1M. The Court notes that, according to this Court's docketing records, Mr. Scott has initiated seventeen lawsuits in this Court, including the instant action, and should be well aware of the need to comply with local and federal rules of procedure.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Scott fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Scott does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the application properly was denied and the action properly was dismissed. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion for Reconsideration" that Applicant, Lynn Eugene Scott, filed *pro se* on November 6, 2008, and which the Court has

3

construed liberally as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 14 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01544-BNB

Lynn E. Scott
Prisoner No. 392952
Denver County Jail
Building 8-F-15
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/7/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk